OPINION OF THE COURT
Max H. Galfunt, J.
On November 3,1980, this court granted leave to defense counsel to reargue the court’s previous ruling denying sealing of the defendant’s conviction under CPL 160.55. *908 After review of the papers submitted and oral argument, this court makes the following findings of fact and conclusions of law on reargument of this case of apparent first impression.
FINDINGS OF FACT
The defendant, Dean Lisseaur, was arrested on July 7, 1980 and charged with a violation of section 221.10 of the Penal Law, criminal possession of marihuana in the fifth degree and a violation of section 3382 of the Public Health Law, unlawful possession of marihuana plants. The defendant was arraigned on these charges on July 24, 1980. On August 19, 1980, the defendant withdrew previously entered pleas of “not guilty” and entered a plea of guilty to the reduced charge of unlawful possession of marihuana as a violation, section 221.05 of the Penal Law. The defendant was sentenced to pay a fine of $50 on or before September 9, 1980, which fine has been paid. The defendant made a motion to seal pursuant to CPL 160.55. On October 1,1980, this court denied the motion to seal, ruling that sealing permitted under CPL 160.50 (subd 2, par [k]) was the exclusive sealing remedy available to the defendant convicted of a violation of article 221 of the Penal Law.
CONCLUSIONS OF LAW
CPL 160.55 provides in pertinent part:
“2. A person against whom a criminal action or proceeding was terminated by such person’s conviction of a * * * violation other than a violation of loitering as described in paragraph (d) or (e) of subdivision one of section 160.10 of this chapter * * * may upon motion apply to the court in which such termination occurred, upon not less than twenty days notice to the district attorney, for an order granting to such person the relief set forth in subdivision one of this section [sealing], and such order shall be granted unless the district attorney demonstrates to the satisfaction of the court that the interests of justice require otherwise.
“3. This section shall not apply to an action terminated in a manner described in paragraph (k) of subdivision two of section 160.50 of this chapter.”
*909 CPL 160.50 (subd 2, par [k]) states in pertinent part: “2. For the purposes of subdivision one of this section, a criminal action or proceeding against a person shall be considered terminated in favor of such person where: * * * (k) (i) The accusatory instrument alleged a violation of article two hundred twenty or section 240.36 of the penal law, prior to the taking effect of article two hundred twenty-one of the penal law, or a violation of article two hundred twenty-one of the penal law; (ii) the sole controlled substance involved is marihuana; (iii) the conviction was only for a violation or violations; and (iv) at least three years have passed since the offense occurred.”
It is clear, therefore, that, in order to determine whether or not a record is scalable under CPL 160.55, it is necessary to determine whether the matter is one terminated in favor of the accused pursuant to CPL 160.50 (subd 2, par [k]). If all the conditions of paragraph (k) of subdivision 2 are met, sealing is permissible under CPL 160.50, which provides a much broader sealing remedy than is provided by CPL 160.55. (An examination of the two sealing statutes reveals that all of the sealing provisions of CPL 160.55 are included in CPL 160.50, but that CPL 160.50 also seals court records which CPL 160.55 does not.)
A marihuana case under article 220 or 221 of the Penal Law is scalable exclusively under CPL 160.50. CPL 160.55 (subd 3) expressly prohibits the sealing of marihuana violations under CPL 160.55 because the sole remedy is a sealing under CPL 160.50 (subd 2, par [k]), when its conditions have been met. This is in keeping with the overall legislative intent in decriminalization of marihuana offenses.
In the case at bar, the provisions of CPL 160.50 (subd 2, par [k]) are met, except for the running of the three years from the date of the offense. Clearly, on July 7,1983, when the three years has run, the defendant could apply for a sealing under CPL 160.50, and that sealing would have to be granted unless “the interests of justice require otherwise”. (CPL 160.50, subd 3.) In light of that fact, and the statutory prohibition of CPL 160.55 (subd 3), the defendant need only wait the remainder of the three-year period to obtain the relief he requests.
*910 The three-year waiting period on sealing is engendered by the 1977 revisions of the Penal Law establishing article 221 for offenses involving marihuana. Section 221.05 of the Penal Law states: “Unlawful possession of marihuana is a violation punishable only by a fine of not more than one hundred dollars. However, where the defendant has previously been convicted of an offense defined in this article or article 220 of this chapter, committed within the three years immediately preceding such violation, it shall be punishable (a) only by a fine of not more than two hundred dollars, if the defendant was previously convicted of one such offense committed during such period, and (b) by a fine of not more than two hundred fifty dollars or a term of imprisonment not in excess of fifteen days or both, if the defendant was previously convicted of two such offenses committed during such period”. (Emphasis added.) In order for article 221 to operate effectively to deal with recidivists, sealing of an article 221 offense must be delayed the full three years required by CPL 160.50 (subd 2, par [k]).
The alternative suggested by defense counsel herein, to seal under CPL 160.55 would seal the records of D.C.J.S. and prevent law enforcement authorities from discovering prior marihuana involvement by the defendant. Where a defendant pleads guilty to an offense, as here, there is no requirement that, because a sealing statute is on the books, it should be used in such manner as to negate the effect of operative Penal Law sections.
In light of the foregoing, and the consistent legislative philosophy behind article 221 of the Penal Law, CPL 160.50 (subd 2, par [k]) and 160.55 (subd 3), this court hereby reaffirms its decision of October 1, 1980 denying sealing under CPL 160.55. Leave is granted for the defendant to apply at any time on or after July 7,1983 for sealing of the records herein under CPL 160.50.